**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William O'Dale Poole, | No. CV-12-8047-PCT-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| John M. McHugh, Secretary, U.S. Department of the Army, | |
| Defendant. | |

Pending before the Court is Defendant's Motion to Dismiss (Doc. 6). The Court now rules on this Motion.

**I.    BACKGROUND**

In March 2012, Plaintiff filed a complaint against individual Defendant, John M. McHugh, alleging fraud and conspiracy claims. In that complaint, Plaintiff alleges that, while in the United States Army, he was wrongfully denied a promotion by the Army Board For Correction of Military Records (ABCMR). Plaintiff further alleges that Defendant McHugh has "responsibilities for the acts of his subordinates, specifically the Army Board for Correction of Military Records." (Doc. 1 at 2). The United States[1] now moves to dismiss

---

[1] The Court will treat the United States as the proper Defendant in this case because the United States has moved to dismiss and appears to acknowledge that, if Plaintiff's claims against Defendant McHugh were true, and he was acting in the scope of his employment, then the United States would need to substitute itself as the Defendant in

Plaintiff's complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Plaintiff has not filed a response to Defendant's Motion to Dismiss.[2]

## II.  ANALYSIS

The United States argues that this case should be dismissed because: (1) Plaintiff has failed to exhaust his administrative remedies; and (2) the United States is entitled to sovereign immunity and has not waived such immunity.

### A.  Exhaustion of Administrative Remedies

In order for an individual to bring a claim against the United States under the Federal Tort Claims Act (FTCA), that individual must first present an administrative claim to the appropriate Federal Agency and that claim must be denied either directly or constructively by the agency's failure to act upon the claim within six months. 28 U.S.C. § 2675(a); *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992). The FTCA only authorizes a suit after a claimant has exhausted all administrative remedies. *Jerves*, 966 F.2d at 519. Failure to exhaust prior to filing a FTCA claim is grounds for dismissal on jurisdictional grounds. *Id.*

Here, Plaintiff has made no allegation or statement to indicate that he filed an administrative claim with any appropriate agency. Further, Major Linda A. Chapman, Chief of the Eastern United States (U.S.) Torts Branch, U.S. Army Claims Service, has avowed that her office "has found that no administrative claim was filed by [Plaintiff] under the above mentioned statutes." (Doc. 6-1 at 2). Because Plaintiff did not exhaust his administrative remedies, this Court lacks jurisdiction to decide Plaintiff's claims.

---

this action. *See Osborn v. Haley* 549 U.S. 225, 226-227 (2007) ("[w]hen the Attorney General certifies that a federal employee named defendant in a state-court tort action was acting within the scope of his or her employment at the time in question, the action 'shall be removed' to federal court and the United States must be substituted as the defendant.") (quoting 28 U.S.C. § 2679(d)(2)); 28 U.S.C. 2679(d)(2),(3).

[2]  The Court notes that Local Rule 7.2(i) allows the court to deem Plaintiff's failure to file a responsive motion as consent to grant Defendant's Motion. LRCiv. 7.2(i). However, because Plaintiff is proceeding pro se, the Court will look to the merits of Defendant's Motion in making its decision.

### B. Sovereign Immunity

Further, even if Plaintiff had exhausted his administrative remedies, the United States would be entitled to sovereign immunity in this case. Generally, the United States and its agencies are immune from suit unless the United States has waived that immunity. *Loeffler v. Frank*, 486 U.S. 549 (1988). One such waiver is contained in the FTCA. *United States v. Olson*, 546 U.S. 43, 44 (2005) ("the United States waives sovereign immunity 'under circumstances' where local law would make a 'private person' liable in tort") (emphasis omitted).

However, 28 U.S.C. section 2680(h) precludes tort claims under the FTCA for "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). "[C]laims against the United States for fraud or misrepresentation by a federal officer are absolutely barred by 28 U.S.C. § 2680(h)." *Owyhee Grazing Ass'n, Inc. v. Field*, 637 F.2d 694, 697 (9th Cir. 1981) (*citing Moon v. Takisaki*, 501 F.2d 389, 390 (9th Cir. 1974)). Accordingly, Plaintiff's claims for fraud and conspiracy are barred because the United States has not waived its sovereign immunity for these intentional tort claims.

### III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** granting the Defendant's Motion to Dismiss (Doc. 6). This case is dismissed without prejudice.

The Clerk of the Court shall enter judgment accordingly.

DATED this 8th day of August, 2012.

James A. Teilborg
United States District Judge